**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GERRY WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>J. RODRIGUEZ, et al.,<br><br>    Defendants. | Case No.: 1:14-cv-02073-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS BE DENIED<br><br>[ECF No. 22]<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Gerry Williams, proceeds pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action currently proceeds on Plaintiff's complaint against Defendants Oxborrow, Wisley, Shuler, J. Rodriguez, R. Rodriguez, Rumbles and Black for failure to protect Plaintiff, and against Defendant Wisley for excessive force, in violation of the Eighth Amendment. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the following grounds: (1) the complaint is barred by claim preclusion; (2) Plaintiff fails to allege sufficient facts to state a constitutional violation by Defendants Black and Rumbles; and (3) Defendants are entitled to qualified immunity. (ECF No. 22.) As discussed below, the Court recommends Defendants' motion to dismiss be denied, in its entirety.

///

///

1

# I.

# RELEVANT HISTORY

Plaintiff initiated this action and filed his complaint on December 29, 2014. (ECF No. 1.) Following screening and the completion of service documents by Plaintiff, the complaint was ordered to be served on March 15, 2016. (ECF No. 20.) Waivers of service were returned executed on May 11, 2016.

On June 1, 2016, Defendants filed the instant motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), on the following grounds: (1) the Complaint is barred by claim preclusion; (2) Plaintiff fails to allege sufficient facts to state a constitutional violation by Defendants Black and Rumbles; and (3) Defendants are entitled to qualified immunity. (ECF No. 22.)

On June 20, 2016, Plaintiff filed an opposition to Defendants' motion to dismiss. (ECF No. 23.) On June 27, 2016, Defendants filed a reply to Plaintiff's opposition. (ECF No. 25.) On July 11, 2016, Plaintiff filed a sur-reply to Defendants' reply to his opposition. (ECF No. 26.)

Parties do not have the right to file sur-replies and motions are deemed submitted when the time to reply has expired. Local Rule 230(l). The Court generally views motions for leave to file a sur-reply with disfavor. Hill v. England, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing Fedrick v. Mercedes-Benz USA, LLC, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)). However, district courts have the discretion to either permit or preclude a sur-reply. See U.S. ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable surreply"); JG v. Douglas County School Dist., 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file sur-reply where it did not consider new evidence in reply); Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond).

In this instance, the Court finds that Plaintiff did not seek and was not granted permission to file any sur-reply, and that no further briefing is required on the motion to dismiss. Therefore, the Court recommends that Plaintiff's sur-reply be stricken from the record, and not considered.

///

Defendants' motion to dismiss is deemed submitted for review without oral argument. Local Rule 230(l).

## II.

## LEGAL STANDARD

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion to dismiss, a court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

## III.

## DISCUSSION

### A. Summary of Complaint Allegations

Plaintiff alleges that on March 1, 2011, while housed at Pleasant Valley State Prison ("PVSP"), he was moved into a cell on A Facility with inmate Willis. On March 3, 2011, Plaintiff spoke to Officer Andrade, and requested a cell move because he and inmate Willis "were not getting along."

(Compl. ¶ 3.) Officer Andrade told Plaintiff that the only way he could be moved is if he fought with inmate Willis.

On March 6, 2011, Plaintiff went to the medical clinic. When he returned, he told Andrade that he almost had a fight with inmate Willis, and "needed to be moved immediately." (Compl. ¶ 4.) Plaintiff told Andrade that he found an inmate willing to switch with Plaintiff, inmate Valencia. Officer Andrade refused to move Plaintiff. Plaintiff spoke to inmate Willis, and asked him if he would like to be celled with inmate Valencia. Inmate Willis "got mad and attacked Plaintiff, knocked Plaintiff to the floor and beat Plaintiff in the head injuring Plaintiff's jaw." (Id. ¶ 6.)

Officer Andrade activated his alarm, and several officers responded. Plaintiff was placed in handcuffs and taken to the program office, where he was interviewed by Sergeant Deathridge. Sergeant Deathridge asked Plaintiff to sign a compatibility chrono, which Plaintiff refused to do. Plaintiff asked to be placed in Administrative Segregation (Ad Seg). Sergeant Deathridge refused to move Plaintiff off the yard.

Plaintiff requested medical treatment for his jaw and was taken to medical for evaluation. Plaintiff was eventually placed in the Correctional Treatment Center for psychological evaluation. On March 10, 2011, Plaintiff attended the "psych committee" for a final evaluation. (Compl. ¶ 11.) During the evaluation, Plaintiff asked Lieutenant Webster to be placed in Ad Seg for his safety. Plaintiff showed Lieutenant Webster the unsigned compatibility chrono, and continued asking to be placed in Ad Seg. Plaintiff told Webster that he and Willis were now enemies. Lieutenant Webster placed Plaintiff back on A Facility.

When Plaintiff returned to A Facility, he continued to request placement in Ad Seg. The Facility A Program Sergeant, Defendant Oxborrow, placed Plaintiff in a cell with inmate Garza. Prior to placing Plaintiff in the cell with inmate Garza, Defendants Shuler and R. Rodriguez told inmate Garza that "Plaintiff was coming from psych watch and that Plaintiff had two fights with his last two cellmates." (Compl. ¶ 15.) Inmate Garza told Plaintiff that he did not want to cell with him. After telling Defendants Shuler and J. Rodriguez what inmate Garza told him, they ordered Plaintiff in the cell with inmate Garza. Plaintiff continued to refuse, and Defendants Oxborrow and Wisley forced Plaintiff into the cell with inmate Garza.

As soon as Plaintiff entered the cell, inmate Garza "attacked Plaintiff and ran Plaintiff out of the cell, pushed Plaintiff down the staircase injuring Plaintiff's back and left knee." (Compl. ¶18.) Plaintiff alleges that when he got up, control booth Officer May fired a 40mm projectile launcher, hitting Plaintiff on his right finger and upper right leg.

After receiving medical care, Plaintiff was taken back to A Facility and placed in cell 209. Prior to being placed in cell 209, Defendant Wisley told the inmate in cell 209 that Plaintiff was a "J-Cat and like to fight his cellmates." (Compl. ¶ 20.)

On March 14, 2011, Plaintiff was moved to cell 147. Prior to being placed in cell 147, Defendant Wisley told the inmate in cell 147 that "Plaintiff was a J-Cat and that if he beat Plaintiff up, he would not get a CDCR 115." Around 5:30 p.m., Plaintiff was experiencing extreme pain in his lower back and taken for medical treatment. When Plaintiff returned, he discovered that the inmate in cell 147 had stolen is television/CD player and given it to someone else. Plaintiff told Sergeant Espino and Sergeant Parks, but they did nothing to get Plaintiff's property back. The next day, Plaintiff told the control booth Officer Ruth. Officer Ruth announced over the public address system that if Plaintiff did not get his property back, all the cells would be searched. Plaintiff's property was returned to him in broken pieces.

Plaintiff was subsequently moved to cell 126. Plaintiff alleges that on April 7, 2011, Defendants Wisley and Sergeant Silveira informed Plaintiff he would be moved in with an inmate that was gang-affiliated. Plaintiff told Defendant Wisley that he did not want to be housed with a gang member. Defendant Wisley called the program office and Defendants R. Rodriguez, Rubles and Black responded. Defendant Wisley grabbed Plaintiff by the arm and threw Plaintiff to the floor and hit Plaintiff in the head three times and in the chest with his fist. When Plaintiff tried to block the punches, Defendant Wisley kicked Plaintiff in the back while Defendant R. Rodriguez held Plaintiff down, and the other Defendants stood there and watched. Plaintiff was already walking on a cane from the previous injuries. (Compl. ¶¶ 26-28.)[1]

---

[1] Although Plaintiff named them as Defendants, Officer Andrade, Lieutenant Webster, Sergeant Silveira, Officer May, and Sergeant Deathridge were dismissed from this action by the District Judge for failure to state a claim upon which relief could be granted. (ECF No. 24.)

**B.    Motion to Dismiss**

Defendants first argue that because Plaintiff has previously litigated the same claims that he brings in this action against these same Defendants in a prior action, he is precluded from bringing the claims again in this action.

1.    Legal Standards for Claim Preclusion

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" Taylor v. Sturgell, 553 U.S. 880, 892, 128 S. Ct. 2161, 2171 (2008). "Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" Id. (citing New Hampshire v. Maine, 532 U.S. 742, 748, 121 S. Ct. 1808 (2001)). The party asserting the defense of claim preclusion carries the burden of establishing all of the necessary elements. Garity v. APWU Nat'l Labor Org., 828 F.3d 848, 855 (9th Cir. 2016) (quoting Taylor v. Sturgell, 553 U.S. 880, 907 (2008)).

Under 28 U.S.C. § 1738, federal courts must give state court judgments the same preclusive effect that they would be given by the courts of the state in which they were rendered. See Migra v. Warren City School Dist. Bd. Of Educ., 465 U.S. 75, 81, 104 S. Ct. 892, 896 (1984). The preclusive effect of a California state court judgment in federal court is determined by California law. See id.; see also Takahasi v. Bd. of Trs. of Livingston Union Sch. Dist., 783 F.2d 848, 850-51 (9th Cir. 1986) (applying California law to determine whether action brought under 42 U.S.C. §§ 1981 and 1983 was barred by a prior state court judgment).

Under California law, claim preclusion "prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them." Mycogen Corp. v. Monsanto Co., 28 Cal. 4th 888, 896 (2002). "The doctrine applies when (1) the issues decided in the prior adjudication are identical with those presented in the later action; (2) there was a final judgment on the merits in the prior action; and (3) the party against whom the plea is raised was a party or was in privity with a party to the prior adjudication." Needelman v. DeWolf Realty Co., 239 Cal. App. 4th 750, 757 (1st Dist. 2015) (citing Pollock v. Univ. of S. California, 112 Cal. App. 4th 1416, 1427 (2d Dist. 2003)).

6

2. <u>Parties' Claim Preclusion Arguments</u>

Defendants assert that in 2013, Plaintiff filed a case in Fresno Superior Court (Case No. 13-CECG-01419) for negligence, intentional tort, and excessive use of force against the same Defendants in this case (among others). They further argue that the complaint in that case sought compensation for the same harm as in this matter—injuries arising out of Plaintiff's problems with cellmates and a use of force by Defendant Wisley at PVSP, in March and April of 2011. Defendants assert that the Fresno Superior Court sustained Defendants' demurrer and dismissed Plaintiff's complaint in Case No. 13-CECG-01419, with prejudice, for his failure to comply with the California Government Tort Claims Act, Cal. Gov. Code §§ 900 et seq. ("Government Claims Act"). (RJN, ¶ 4.) As a result, Defendants argue that this action must be dismissed as barred by the claim preclusion doctrine.[2]

Plaintiff opposes Defendants' argument on two grounds: (1) the issues are not identical because he relied on state law in the Fresno Superior Court action, not federal law; and (2) the dismissal of his case by the Fresno Superior Court was not a judgment on the merits.

In reply, Defendants argue that the fact that Plaintiff did not specifically raise federal constitutional claims in his prior state action is insignificant for claim preclusion purposes, because claim preclusion bars claims that both were raised and could have been raised in the prior action. To Plaintiff's second argument, Defendants assert that a judgment based on a procedural defect, such as the failure to comply with the Government Claims Act, has preclusive effect where it was not and could not be cured to state a cause of action, which is the case here.

3. <u>Analysis</u>

Plaintiff does not dispute that the factual allegations of his complaint in the 2013 Fresno Superior Court case are substantively identical to the allegations of the complaint in this case, and were made against the same Defendants in this action. A review of Plaintiff's state court complaint confirms this. (ECF No. 22-2, at pp. 5-11.) Thus, the 2013 action and the instant action were between the same parties, and the third element of the claim preclusion doctrine is not in dispute here. The

---

[2] Defendants request judicial notice of court records from <u>Williams v. J. Andrande, et al.</u>, Case No. 13-CECG-01419 in the Fresno Superior Court. (ECF No. 22-2.) The undersigned recommends that this request be granted. <u>See</u> Fed. R. Evid. 201; <u>see also</u> <u>United States v. Howard</u>, 381 F.3d 873, 876 n.1 (9th Cir. 2004) (finding that the court may take judicial notice of court records in other cases).

7

1 parties instead dispute whether the first and second elements of the doctrine are met: whether the
2 claims were identical, and whether there was a final judgment on the merits.

### a. Same Cause of Action or Primary Right

With regard to the first element, the parties also do not dispute that Plaintiff relied only on state law in bringing his claims in the 2013 action, and relies only on federal law in the instant action. The parties disagree as to whether the causes of action are nevertheless the same for purposes of the California claim preclusion doctrine.

California law holds that a state court's final judgment "precludes further proceedings if they are based on the same cause of action." Brodheim v. Cry, 584 F.3d 1262, 1268 (9th Cir. 2009) (quoting Maldonado v. Harris, 370 F.3d 945, 952 (9th Cir. 2004)). To determine whether the proceedings are based on the same cause of action for claim preclusion purposes, California courts employ the "primary rights" theory. Id. "Under this theory, 'a cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty.'" Id. (citing City of Martinez v. Texaco Trading & Transp., Inc., 353 F.3d 758, 762 (9th Cir. 2003). Actions involving the same injury to the plaintiff and the same wrong by the defendant involve the same primary right, even if plaintiff "pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." Id. (quoting Eichman v. Fotomat Corp., 147 Cal. App. 3d 1170, 1174, 197 Cal. Rptr. 612 (4th Dist. 1983)). Although not all claims that may have been brought in an earlier case are barred in a later action, those claims which could have been raised and which are derived from the same primary right are precluded. See id. at 1268 n.2 (citing Grisham v. Philip Morris U.S.A., Inc., 40 Cal. 4th 623, 641, 54 Cal. Rptr. 3d 735, 747-48 (2007)).

The causes of action in Plaintiff's 2013 state court action and those in the instant action involve the same primary right, and are thus identical for claim preclusion purposes. In Plaintiff's state court complaint, he alleged that Defendant Wisley intentionally harmed him by using excessive force, and the Defendants failed to protect him from injuries caused by other inmates and by Defendant's Wisley's use of force. (ECF No. 22-2, at pp. 5-11.) Plaintiff's Eighth Amendment failure to protect and excessive force claims in this federal action allege the same harms caused by the same conduct.

Both actions involve the same primary right—Plaintiff's right to be free from serious harm or injury caused through the failure to protect him from a known substantial risk, or through the infliction of excessive force. Thus, although Plaintiff employed different theories of recovery in the state and federal actions here, the claims are considered identical under California's claim preclusion doctrine. Therefore, the first element of claim preclusion has been met. The Court now looks to the second element in dispute: whether there was a final judgment on the merits.

### b. Final Judgment on the Merits

Next, the parties dispute whether the dismissal of Plaintiff's complaint in the 2013 Fresno Superior Court action was a judgment on the merits. The November 3, 2014 final order in that action states that the Fresno Superior Court found that Plaintiff's claims were precluded because he failed to comply with the Government Claims Act. Thus, the defendants' demurrer was sustained without leave to amend, and the case was dismissed.[3] (ECF No. 22-2, at pp. 60-61.)

A tentative ruling issued on April 14, 2014, (ECF No. 22-2, at pp. 49-55), which became the order of the court following oral arguments, (id. at 48, 55), provides more detail of the Fresno Superior Court's ruling. That court found that Plaintiff alleged compliance with the Government Claims Act in his state court complaint, but Defendants challenged this allegation and argued on demurrer that his claim was not timely made. Defendants submitted authenticated records in support. Plaintiff also submitted his claim forms, which the court reviewed. Following a detailed analysis, the court found that Plaintiff had failed to comply with the Government Claims Act, and it rejected Plaintiff's argument that he should be excused from non-compliance. Thus, the Fresno Superior Court found that the demurrer must be sustained without leave to amend. (Id. at 50-55.)

Under California law, "[a] judgment entered after a general demurrer has been sustained 'is a judgment on the merits to the extent that it adjudicates that the facts alleged do not constitute a cause of action, and will accordingly, be a bar to a subsequent action alleging the same facts.'" Crowley v. Modern Faucet Mfg. Co., 44 Cal. 2d 321, 323 (1955) (citing Keidatz v. Albany, 39 Cal. 2d 826, 828

---

[3] California is a "code pleading" state in which facts in a civil suit must be pled with particularity, and a demurrer is the procedural device used to challenge the adequacy of pleading in a complaint or crossclaim. See Smith v. Kern County Land Co., 51 Cal. 2d 205, 209, 331 P.2d 645, 648 (1958).

9

(1952)). A judgment terminating an action on "technical or procedural" grounds is not a judgment on rendered on the merits and "does not operate as a bar." Mid-Century Ins. Co. v. Superior Court, 138 Cal. App. 4th 769, 776, 41 Cal. Rptr. 3d 833, 837 (2d Dist. 2006) (termination of action on statute of limitations grounds is not substantive, not on the merits, and does not have res judicata effect); see also Koch v. Rodlin Enterprises, 223 Cal. App. 3d 1591, 1596, 273 Cal. Rptr. 438 (1st Dist. 1990) (same).

Plaintiff argues in his opposition that the Fresno Superior Court's dismissal of his complaint for the failure to comply with the Government Claims Act was not a dismissal on the merits, and does not preclude his federal law claims in this case. Although Defendants agree that the dismissal of Plaintiff's case by the Fresno Superior Court was a "procedural dismissal" and agree that under California law, a judgment based solely on a procedural defendant is not a bar to subsequent actions, they argue that an exception applies. Specifically, Defendants assert that under California law, a dismissal on procedural or technical grounds will bar future actions, if the defect cannot be cured in a future pleading, and the ground for dismissal is equally applicable in the future action. See McKinney v. Cnty. of Santa Clara, 110 Cal. App. 3d 787, 794–95, 168 Cal. Rptr. 89 (1980) (a judgment on a general demurrer will bar a new action "when the ground on which the demurrer in the former action was sustained is equally applicable to the second one").

In this case, the ground for dismissal relied upon by the Fresno Superior Court in the 2013 case is not equally applicable to this action. As discussed above, the dismissal of Plaintiff's 2013 case by the Fresno Superior Court was based on his lack of compliance with the Government Claims Act. Under that Act, a plaintiff may not maintain a suit raising state law claims for money or damages against a public entity or employee without first presenting a written claim, and the failure to allege compliance or a sufficient reason for non-compliance subjects the plaintiff's state law claims to dismissal for the failure to state a claim. See Connelly v. Cty. of Fresno, 146 Cal. App. 4th 29, 36–37, 52 Cal. Rptr. 3d 720, 725 (5th Dist. 2006).

However, it is well-settled that the notice and claim-filing requirements of the Government Claims Act are inapplicable to federal claims brought under section 1983. See Donovan v. Reinbold, 433 F.2d 738, 742 (9th Cir. 1970) ("Congress has not evinced any intention to defer to the states the

definition of the federal right created in section 1983, or to adopt the states' remedies or procedures for the vindication of that right. It has never indicated an intent to engraft onto the federal right state concepts of sovereign immunity or of state susceptibility to suit, which are the concepts that are the roots of the California Tort Claims Act."); Williams v. Horvath, 16 Cal. 3d 834, 842 (1976) ("Thus the fact that plaintiffs in the case at bar did not allege compliance with [the claims-filing] provision [of the Government Claims Act] is irrelevant to their claim under the Civil Rights Act."); Toscano v. Cty. of Los Angeles, 92 Cal. App. 3d 775, 784 (2d Dist. 1979) ("Appellants correctly state that the claims provisions of the Government Code are inoperative to an action brought under section 1983 of the federal Civil Rights Act, 42 United States Code section 1983."); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980) ("This Court and the California Supreme Court have held that the California prelitigation requirements are inapplicable to civil rights actions."); California Corr. Peace Officers Ass'n v. Virga, 181 Cal. App. 4th 30, 39–40, 103 Cal. Rptr. 3d 699, 707–08 (2010) (citing cases); Doe v. Kaweah Delta Hosp., Case No. 1:08-CV-0118-AWI-GSA, 2016 WL 4381870, at *3 (E.D. Cal. Aug. 16, 2016) ("A plaintiff cannot be precluded from bringing a Section 1983 due to failure to give the pertinent governmental agency notice pursuant to the [California Government Claims Act].").

Thus, the judgment by the Fresno Superior Court may preclude Plaintiff from bringing future claims based on California state law due to his lack of compliance with the Government Claims Act, to the extent such defendant is not and cannot be cured. However, that judgment has no preclusive effect on this action, in which only Eighth Amendment claims are brought pursuant to section 1983. While bringing a claim under the Government Claims Act may be an element of certain causes of action arising under California law, the Act has no bearing on the federal claims in this action. Accordingly, this Court finds that Defendants have not carried their burden of establishing claim preclusion here, and the motion to dismiss on that ground should be denied.

4. Claims Against Defendants Black and Rumbles

Defendants next argue that Plaintiff's complaint fails to state a claim against Defendants Black or Rumbles, arguing that Plaintiff's allegations that they stood by and watched the allegedly excessive use of force by Defendant Wisley are too vague and conclusory. Specifically, they assert that Plaintiff did not sufficiently allege that either Defendant Black or Defendant Rumbles had time to intervene.

A prison official can violate a prisoner's Eighth Amendment rights by failing to intervene in another official's use of excessive force. See Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995) (citations omitted). However, an official will only be liable where there is a realistic opportunity to intercede. See Cunningham v. Gates, 229 F.3d 1271, 1290 (9th Cir. 2000).

In relevant part, Plaintiff's complaint alleged as follows:

> Plaintiff told Defendant Wisley that he did not want to cell up with the gang member in cell 139. Defendant [c]alled to the program office and as soon as Defendants R. Rodriguez, L. Rumbles, M. Black came into the building, Defendant J. Wisley grab[b]ed Plaintiff by the arm and threw Plaintiff to the floor and hit Plaintiff in the head three times and in the chest with his fist.
>
> When Plaintiff tried to block the punches, Defendant J. Wisley kicked Plaintiff in the back while R. Rodriguez held Plaintiff down, and the other Defendants stood there and watched.

(Compl. ¶¶ 26-27.) Thus, Plaintiff has alleged that Defendant Wisley used excessive force against Plaintiff in the presence of Defendants Black and Rumbles, and that Defendants Black and Rumbles stood by and watched the events unfold without interceding.

Liberally construed, Plaintiff's allegations are sufficient to state a claim for failure to intervene against Defendants Black and Rumbles in violation of the Eighth Amendment. At this stage, Plaintiff is entitled to the reasonable inference from his allegations that there was a realistic opportunity for Defendants Black and Rumbles to intercede in the force used against him. This is supported by Plaintiff's allegations that there were multiple stages to the use of force, that Defendants Black and Rumbles were present for the entirety of the events, and that Defendant R. Rodriguez had opportunity to join in the use of force by holding Plaintiff down during the events. Thus, the Court recommends that Defendants' motion to dismiss these claims for the failure to state a cognizable claim be denied.[4]

---

[4] Defendants do not acknowledge the Court's screening order, discussed further below. The section 1915(e)(2)(B)(ii) screening standard employed by the Court is the same as the Rule 12(b)(6) standard. See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). Defendants present no persuasive arguments explaining that the Court erred in determining that Plaintiff stated a cognizable claim here.

Defense counsel is advised to exercise caution in filing future motions to dismiss after the Court has screened the complaint and found a cognizable claim, without elaboration as to why or how the Court's screening order is incorrect. As the Court is severely impacted with all cases, not just civil rights action, its time is just as

### 5. Qualified Immunity

Finally, Defendants argue that they are entitled to qualified immunity with respect to "each of the five cell placements identified in the Complaint." (ECF No. 22, p. 11.) Defendants argue that Plaintiff has not alleged facts showing it was sufficiently clear that Plaintiff was at an objective risk of serious harm, or that the placements were done with deliberate indifference to his safety. Further, Defendants argue that their conduct did not violate clearly established constitutional rights.

#### a. **Qualified Immunity Standards**

Qualified immunity shields government officials from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably," Pearson v. Callahan, 555 U.S. 223, 231 (2009), and it protects "all but the plainly incompetent or those who knowingly violate the law," Malley v. Briggs, 475 U.S. 335, 341 (1986).

In resolving the claim of qualified immunity, the Court must determine whether, taken in the light most favorable to Plaintiff, Defendants' conduct violated a constitutional right, and if so, whether the right was clearly established. Saucier v. Katz, 533 U.S. 194, 201 (2001); Mueller v. Auker, 576 F.3d 979, 993 (9th Cir. 2009). While often beneficial to address in that order, the Court has discretion to address the two-step inquiry in the order it deems most suitable under the circumstances. Pearson, 555 U.S. at 236 (overruling holding in Saucier that the two-step inquiry must be conducted in that order, and the second step is reached only if the court first finds a constitutional violation); Mueller, 576 F.3d at 993-94.

#### b. **Analysis**

Contrary to Defendants contentions that "five cell placements" are at issue in this case, Plaintiff's action only proceeds on the claims found cognizable by the Court, as discussed in the January 29, 2016 screening order. (ECF No. 13.) Plaintiff filed a notice of willingness to proceed only

---

important and must be recognized by the parties in future endeavors. "Less frivolity results in addressing a meritorious issue quicker."- Anonymous.

on those claims, (ECF No. 16), and on February 19, 2016, this Court issued findings and recommendations consistent with the screening order, to the District Judge, (ECF No. 17). Those findings and recommendations were adopted in full by the District Judge on June 21, 2016, (ECF No. 24), and therefore the action proceeds only on those claims identified as cognizable.

Although the Court summarized the full complaint in its January 29, 2016 screening order, it did not find that each of Plaintiff's five cell placements stated a cognizable claim. Moreover, Defendants vague arguments collectively discussing Plaintiff's cell placements make it difficult for the Court to ascertain what claims Defendants assert they are entitled to qualified immunity for, and why.

Defendants state in a footnote that they "do not make a qualified immunity argument on behalf of Defendant Wisley, since Plaintiff's allegations of excessive force, if true, would evidence a constitutional violation." (ECF No. 22, p. 11 n.4.) It is not clear if Defendants are nevertheless advancing a qualified immunity argument on behalf of Defendant Wisley with respect to Plaintiff's March 14, 2011 placement in cell 147. The Court found that Plaintiff's allegations that Defendant Wisley invited the inmate in cell 147 to attack Plaintiff stated a cognizable claim. Specifically, Plaintiff alleged that Defendant Wisley told the inmate in cell 147 that Plaintiff was a "J-Cat," and that if the inmate beat Plaintiff up, the inmate would not be disciplined. (ECF No. 13, pp. 6-7.)

Undeveloped arguments that are only argued in passing or made through bare, unsupported assertions are deemed waived. See Christian Legal Soc. Chapter of Univ. of California v. Wu, 626 F.3d 483, 487 (9th Cir. 2010) (citations omitted). Regardless, to the extent Defendants are asserting a qualified immunity argument with respect to this claim, the court does not find that qualified immunity applies as a matter of law at this stage in the proceedings.

"The Eighth Amendment prohibits cruel and unusual punishment of a person convicted of a crime." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir.2000). Prison officials "must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994). "In particular . . . prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Id. at 833 (citation omitted) (internal quotation marks omitted).

1     Taken in the light most favorable to Plaintiff, he has sufficiently alleged a cognizable claim
2 against Defendant Wisley under this clearly established law of the Eighth Amendment. The Court
3 cannot find as a matter of law that Defendant Wisley, in allegedly inviting another inmate to attack
4 Plaintiff, was not deliberately indifferent to a serious risk to Plaintiff's safety.

5     The Court also found that Plaintiff stated a claim against Defendants Oxborrow, Wisley,
6 Shuler, and J. Rodriguez related to the attack by inmate Garza when he was placed in a cell with that
7 inmate. (Id. at 6.) Due to Defendants' vague, undeveloped arguments, it is not clear whether they
8 assert a qualified immunity argument here as well. To the extent such an argument is raised, the Court
9 cannot find that these Defendants are entitled to qualified immunity as a matter of law at the pleading
10 stage.

11     As noted above, Plaintiff alleged that prior to his placement in the cell with inmate Garza,
12 Defendants K. Shuler and R. Rodriguez told inmate Garza that Plaintiff was coming from psych watch
13 and fought with his two last cellmates. In response, inmate Garza told Plaintiff he did not want to cell
14 with Plaintiff, and Plaintiff told this information to Defendants K. Shuler and J. Rodriguez. Defendants
15 K. Shuler and J. Rodriguez then forced Plaintiff to go into the cell, and when he continued to refuse,
16 Defendants Oxborrow and Wisley came to the facility and they forced Plaintiff to go into the cell. As
17 Plaintiff entered the cell, inmate Garza "attacked Plaintiff and ran Plaintiff out of the cell, [and]
18 pushed Plaintiff down the staircase injur[ing] Plaintiff's back and left knee." (Compl. ¶¶ 15-18.)

19     Accepting these allegations as true, which this court must, Plaintiff has sufficiently pleaded
20 that these Defendants violated his clearly established Eighth Amendment rights to personal safety
21 under clearly established law. Defendants vaguely assert that Plaintiff did not sufficiently plead that
22 Defendants were on notice of a serious threat to his health or safety at any time. However, construing
23 Plaintiff's allegations here in the light most favorable to him, he has alleged that he notified them that
24 inmate Garza did not want to cell with him, and they were all present as he was subsequently attacked,
25 forced out of the cell, and pushed down the stairs. Given these allegations, the Court cannot find that
26 Defendants' conduct did not violate Plaintiff's clearly established constitutional rights, or that a
27 reasonable officer in Defendants' positions would believe their actions were lawful.

28

For these reasons, Defendants' motion to dismiss based on qualified immunity should be denied here.

///

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's sur-reply, filed July 11, 2016 (ECF No. 26), be STRICKEN from the record; and,

2. Defendants' motion to dismiss, filed June 1, 2016 (ECF No. 22), be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 7, 2017**

UNITED STATES MAGISTRATE JUDGE